USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/5/2010

PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OSIRIS MOSLEY A/K/A MICHAEL MOORE,

                    Plaintiff,

-against-

Corrections Officer "JANE" BAKER, Shield No.
18508; Corrections Officer "JOHN" MILLER,
Shield Number Unknown; Corrections Officer
"JOHN" SCHAFER, Shield No. 10686;
Corrections Captain L. BROWN, Shield No. 821,
(all sued in their individual capacities);
A. TAYLOR, SHIELD No.597, Adjudication
Captain, (sued in his individual capacity),

                    Defendants.
----------------------------------------------------------X

**AMENDED
COMPLAINT
42 U.S.C. § 1983
CIVIL RIGHTS ACTION**

10-CV-165(DC)

**Jury Trial Demanded**

Plaintiff Osiris Mosley, respectfully brings forth this Complaint, and alleges as follows:

## INTRODUCTION

1. This is an Civil Rights action, brought pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of the plaintiff rights to due process and for conspiracy to violate the plaintiff's constitutional rights.

2. This action seeks to condemn the defendants' willful disregard for the law. Also to possibly stop and deter future misconduct through Court intervention.

## JURISDICTION AND VENUE

3. This action arises under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a) and 2201.

5. Venue is lodged pursuant to 28 U.S.C. 1391(b).

## JURY DEMAND

6. Plaintiff demands trial by jury in this action.

## PARTIES

### Plaintiff

7. Plaintiff Osiris Mosley is a 28 year old citizen of the United States. Mr. Mosley was during the time of these incidents a pre-trial detainee on Rikers Island, and was specifically located at the Otis Bantum Correctional Center 1600 Hazen Street, East Elmhurst, New York 11370 and the George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, New York 11370.

### Defendants

8. Defendant "JANE" BAKER is employed by the New York City Department of Corrections, as a corrections officer. Defendant BAKER is sued in her individual capacity.

9. Defendant "JOHN" MILLER is employed by the New York City Department of Corrections, as a corrections officers. Defendant MILLER is sued in his individual capacity.

10. Defendant "JOHN" SCHAFER is employed by the New York City Department of Corrections, as a corrections officer. Defendant SCHAFER is sued in his individual capacity.

11. Defendant L. BROWN is employed by the New York City Department of Corrections, as a corrections captain. Defendant L. BROWN is sued in her individual capacity.

12. Defendant TAYLOR is employed by the New York City Department of Corrections. Defendant TAYLOR is a Corrections Captain, with duties with the Adjudication Bureau and his job is to conduct disciplinary hearings for the inmate population at the George R. Vierno Center. Defendant TAYLOR is sued in his individual capacity.

## FACTS

13. On December 30, 2008 at the Otis Bantum Correctional Facility ("OBCC"), located at 1600 Hazen Street, East Elmhurst, New York, on or around 8:00 A.M., while housed in the 4 Lower dorm, the plaintiff was awakened by a loud commotion. About six beds away defendants Baker, Miller, Schafer and Brown were talking to inmate Frank Parsis, Book and Case Number 541-08-03091M.

14. The plaintiff got out of bed and proceeded to the dorm area bathroom to urinate. About halfway to the bathroom defendant Brown directed the plaintiff to return to his bed. The plaintiff did not return to his bed, because the strong urge to urinate. While the plaintiff was still using the urinal, defendants Brown, Miller and Schafer appeared at the entranceway to the bathroom. At this time defendant Brown stated "You stupid motherfucker, I'm going to show you." Defendant Brown then told the plaintiff to come out of the bathroom and place his hands on the wall. The plaintiff complied and was then viciously punched in the head by defendant Schafer. Defendant Schafer struck

the plaintiff so hard that he saw white light and his ears were ringing.

15. Defendants Schafer and Miller then threw the plaintiff to the floor and defendant Miller began punching the plaintiff about his face and then placed a handcuff on his right hand and secured the plaintiffs arm while placing his knee onto his back. At this time defendant Schafer grabbed the plaintiff's left thumb and pulled it backwards until it broke and the bone pierced the skin. The plaintiff was then cuffed and dragged across the floor by defendants Schafer and Miller.

16. Defendant Brown then directed defendants Schafer and Miller to spray the plaintiff with mace as he laid cuffed on the floor. The Probe Team arrived shortly before defendants Schafer and Miller had the opportunity to use their mace and the plaintiff was moved to the Main Intake area.

17. Defendant Baker who was assigned to the housing area conspired with defendant's Schafer, Miller and Brown and engineered and fabricated a serious disciplinary infraction. Defendant Baker Schafer, Miller and Brown fabricated a story, in which they claimed that the plaintiff had assaulted staff, when in fact the plaintiff never did such acts. Defendants Baker, Schafer, Miller and Brown fabricated such a story to cover up and justify the use of force upon the plaintiff and also because they knew the fabricated story would lead to the plaintiff's immediate placement in punitive segregation without any intervening hearing.

18. Defendant's Baker, Schafer, Miller and Brown conspired to fabricate and file forged official documents, charging the plaintiff with serious disciplinary charges, knowing that such fabricated and forged documents would be accepted as a true account of the incident.

19. Defendants Baker, Schafer, Miller and Brown engineered documents which purportedly described the plaintiff, as engaging in a brawl with staff, to conceal the fact that they assaulted him and so that he would be immediately punished and removed from general population.

20. The plaintiff was transferred to punitive segregation later in the day and was held in pre-hearing confinement for 8 days. The conditions in pre-hearing confinement were intolerable. The plaintiff was housed in a 50 cell unit, with 23 hours of lock-in time and limited access to the showers, phones and personal property. Also there was constant loud noise, inmates who flooded their cells and the plaintiff had to scream and holler to get the corrections officers attention, to get the phone or to access the showers.

21. At times the plaintiff had to take bird baths in the sink, because other inmates would go to the shower area and refuse to come out.

22. On January 5, 2009 at the George R. Vierno Center ("GRVC"), the plaintiff appeared at a disciplinary hearing for charges lodged as a result of defendant's Baker, Schafer, Miller and Brown's false accusations. The plaintiff attempted to present evidence regarding defendants Baker, Schafer, Miller and Brown's fabrication and forgery of reports and defendant Taylor refused to record any portion of the plaintiff's testimony or review his evidence. Instead defendant Taylor, threatened to remove the plaintiff from the hearing if he continued pursuing his claims that the charges were fabricated.
This hearing was adjourned by defendant Taylor for further investigative reports (i.e. Use of Force Reports).

23. On January 6, 2009 the hearing was reconvened by defendant Taylor and the reports were read onto the record. Defendant Taylor also told the plaintiff, off the record

that he had spoken to Captain Brown regarding the incident. The plaintiff pled not-guilty to the charges and the hearing was finished pending disposition. The plaintiff was served with the hearing disposition by Corrections Captain Marzel, Shield No. 381 at 6:00 P.M. on January 6, 2009, at this time the plaintiff observed that defendant Taylor found him guilty and imposed 110 days of Punitive Segregation as the penalty. Defendant Taylor based his decision on falsified reports submitted by defendants Baker, Schafer, Miller and Brown.

24. Also the plaintiff observed that Captain Brown testified or presented witness testimony at the hearing. Captain Brown was one of the Corrections employees who was allegedly a part of the incident giving rise to the disciplinary proceedings.

25. Defendant Taylor at no time during the hearing proceedings notified the plaintiff that he was going to consider witness testimony from Captain Brown. Defendant Taylor knowingly and willfully denied the plaintiff a chance to confront or dispute witness testimony in violation of the plaintiff's procedural due process rights.

26. Defendant Taylor also failed to record portions of the plaintiff's hearing regarding Captain Brown's testimony and evidence revealing defendant's Baker, Schafer, Miller and Brown's fabrication and forgery of reports, in violation of the plaintiff's due process rights.

27. On January 8, 2009 the plaintiff appealed the disciplinary disposition to Florence Hutner, General Counsel of the New York City Department of Correction citing various violations of the disciplinary procedures. Ms. Hutner never made a decision on the plaintiff's appeal.

28. On January 24, 2009 the plaintiff wrote a letter to Ms. Hutner, regarding

the status of his disciplinary appeal, Ms. Hutner, once again never responded to this correspondence.

29. On February 28, 2009 the plaintiff again wrote to Ms. Hutner, regarding the status of his disciplinary appeal, Ms. Hutner, once again never responded to this correspondence.

30. The plaintiff was released from punitive segregation on April 17, 2009 after serving a total of 110 days in the segregation unit. Defendants Baker, Schafer, Miller, Brown and Taylor's conduct caused the plaintiff tremendous hardship and undue punishment.

## CAUSES OF ACTION

### Count I: 42 U.S.C. § 1983, Violation of Procedural Due Process At Disciplinary Hearing

31. Plaintiff repeats and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

32. Defendant Taylor, while acting under color of the state law willfully violated the plaintiff's rights provided through the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, by violating procedural due process rights during adjudication of the plaintiff's hearing on January 5th and 6th of 2009. Defendant Taylor is sued in his individual capacity.

### Count II: 42 U.S.C. § 1983, Violation of Due Process by False Allegations

33. Defendant's Baker, Schafer, Miller and Brown, while acting under color of the state law willfully violated the plaintiff's rights provided through the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, by violating the

plaintiff's due process rights as a pre-trial detainee, by fabricating and falsifying serious disciplinary charges against him and which actions resulted in his immediate placement in punitive segregation and eventual guilty finding on such fabricated and false reports. Defendant's Baker, Schafer, Miller and Brown are all sued in their individual capacities.

### Count III: 42 U.S.C. § 1985, Conspiracy to Deprive the Plaintiff of his Constitutional Rights

34. Defendants Baker, Schafer, Miller and Brown acting under color of the state law conspired amongst themselves to engineer, fabricate and falsify officials reports, which consequently let to the plaintiff's rights under the due process clause of the Fourteenth Amendment to the United States Constitution to be violated.

**WHEREFORE**, the plaintiff requests that this Court:

   a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

   b. Award costs of this action to the plaintiff;

   c. Award such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a jury trial.


Dated: Woodbourne, New York
       April 1, 2010

BY: *Osiris Mosley*
    Osiris Mosley, Plaintiff Pro Se
    Woodbourne Correctional Facility
    99 Prison Road, P.O. Box 1000
    Woodbourne, New York 12788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OSIRIS MOSLEY A/K/A MICHAEL MOORE,

                  Plaintiff,

          -against-

Corrections Officer "JANE" BAKER, Shield
No. 18508, et al.,

                  Defenadants
------------------------------------------------------------X

**AFFIRMATION OF SERVICE**

10-CV-165(DC)

I, Osiris Mosley, **declare under the penalty of perjury** that I served a copy of the Attached Amended Complaint, upon defendant A. Taylor, Adjudication Captain, at the following address on this 1st day of April, 2010: George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, New York 11370.

Dated: Woodbourne, New York
       April 1, 2010

*Osiris Mosley*
Osiris Mosley, Plaintiff Pro Se
DIN#: 09-A-2688
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, New York 12788